FILED

10/03/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 14-0745

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 14-0745

_____

| | |
|---|---|
| IN RE TEMPORARY ELECTRONIC FILING RULES | O R D E R |

_____

On November 19, 2014, the Supreme Court adopted Temporary Electronic Filing Rules. Subsections (4) and (5) of Rule 12 contain provisions regarding electronic filing of briefs on appeal to this Court. We have determined that certain amendments to those subsections of Rule 12 are necessary.

Accordingly, IT IS ORDERED that, effective immediately, Rule 12(4) and (5) of the Temporary Electronic Filing Rules are amended as follows (new language is underlined):

4.  When filing briefs, electronically file the original. For the electronically filed brief, the color requirements for the cover under Rule 11(6)(a), M. R. App. P., shall not apply. Once the electronically filed brief is checked for deficiencies and approved, the clerk will notify the e-filer to submit seven paper copies of the electronically filed brief. The seven paper copies of the Appellant's Opening brief must comply with Rule 12(1)(i), M. R. App. P., including copies of the orders and judgments from which the appeal is taken. Upon notification, paper copies must be submitted ~~promptly~~ within seven days or within such specific time as directed by the Court. For the paper copies, the color requirements for the cover under Rule 11(6)(a), M. R. App. P., shall apply.

5.  When filing an Appendix, electronically file the original. The Appendix shall include a table of contents and a separate title page for each document, labeled "Appendix A" or "Appendix 1" and so forth. The Court encourages the electronic bookmarking of each document to its corresponding reference in the table of contents to make the appendix readily searchable. Other than those

1

documents required to be filed under Rule 12(1)(i), M. R. App. P., paper copies of appendix documents need not be filed.

The complete text of the Temporary Electronic Filing Rules, as herein amended, is attached to this Order.

The Clerk is directed to provide copies of this Order to the Montana State Law Library, the State Bar of Montana, the Appellate Defender's Office, the Attorney General's Office, and to each member of the Supreme Court Commission on Technology.

Dated this 3rd day of October, 2017.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

**Temporary Electronic Filing Rules**

**Electronic Filing**

**(1) DEFINITIONS**:

(a) "Clerk of court" means the official custodian of the court record for the case in question, which may be the clerk of the Supreme Court, clerk of district court, or the appointed clerk in a justice court, municipal court, city court, water court, or workers compensation court.

(b) "Document" means a pleading, form, notice, motion, order, affidavit, paper exhibit, brief, judgment, writ of execution, or other filing. For purposes of this rule, a document includes the transmittal information submitted with the filing.

(c) "Electronic filing system" means a web-based system established by the Office of the Court Administrator for the purpose of filing documents with or by a court, integrating them into the court's case management system, and electronically serving notice to the parties who have registered with the electronic filing system. "Electronic filing" does not include alternative methods of filing, such as electronic mail, facsimile, floppy disks, or other electronic methods.

(d) "Electronic filing system administrator" means an individual appointed by the Supreme Court Administrator to receive information and take action as necessary to administer the electronic filing system.

(e) "Electronic signature" means an electronic sound, symbol, or process attached to or logically associated with a document, that can be executed or adopted by the user with the intent to sign the document.

(f) "Initiating document" means a summons and complaint, information, petition, notice of appeal, application, citation, criminal complaint, or any other document filed to commence a court case.

(g) "Lodged" means placing a document in a court file without officially filing it.

(h) "Traditional methods" means those methods of filing and serving documents, other than electronic filing, provided under statutes and local rules.

(i) "Transmittal page" means a document generated by the electronic filing system containing the case management information necessary to transmit and file a document.

(j) "User" means an individual who has registered to use the electronic filing system under section 3.

**(2) SCOPE:**

(a) The Supreme Court Administrator shall implement an electronic filing system for Montana courts.

(b) Use of the electronic filing system is voluntary. Courts choosing to participate in the electronic filing system shall make formal application to the Office of the Court Administrator. The application shall be made in writing by the Chief Judge

and, if applicable, the elected clerk of court. Parties or their attorneys may choose to participate in the electronic filing system unless the court has designated a certain case type for mandatory electronic filing. Parties or attorneys who choose not to participate shall file, serve, and receive documents by traditional methods.

(c) Any action that may be brought in court may be brought using electronic filing, subject to the ability of the electronic filing system to accept the documents. This section does not guarantee anyone the right to file electronically.

(d) The procedures in these rules shall be interpreted in a manner consistent with existing court rules.

(e) An exception will be permitted for certain governmental agencies to file documents and transfer data by a Supreme Court-approved alternative method of transferring the document or data from the agency's electronic system to the court's electronic case management system. For example, interfaces have been created to allow electronic filing of Montana Highway Patrol citations.

## (3) REGISTRATION REQUIREMENTS:

(a) The following individuals may register to use the electronic filing system:
   1. Licensed Montana attorneys and designated staff.
   2. Attorneys appearing pro hac vice.
   3. Self-represented parties to an action.
   4. Court employees.
   5. Other individuals as appointed or ordered by the court.

(b) Users of the electronic filing system shall be individuals. However, the electronic filing system may provide a method for law firms, organizations, corporations, agencies or other groups to register with the system for the sole purpose of receiving electronic service notification.

(c) Users shall register through the electronic filing system website by executing a user agreement governing the terms of use of the electronic filing system. To register, users shall have the capability to produce, file, and receive electronic documents meeting the technical requirements of the electronic filing system. By registering, users agree to electronically file all documents in a case to the extent the electronic filing system can accept them and agree to electronic notification on any case electronically filed.

(d) Users will access the electronic filing system using a confidential, secure identifier. The secure identifier shall be used only by the user to whom it is assigned. This user may authorize agents or employees to use the electronic filing system on the user's behalf. Each such authorized user shall use a unique, secure identifier. Upon learning that the confidentiality of the secure identifier has been inadvertently or improperly disclosed, the user shall immediately notify the electronic filing system administrator.

(e) Users are responsible for keeping the registration information profile current, accurate and complete in the electronic filing system.

(f) The same secure identifier shall be used for all cases on which the user is an attorney or a party. The electronic filing system administrator may reset secure identifiers as needed for administrative and security purposes.

(g) The electronic filing system may provide a method for filing documents by individuals who are not parties to the case, such as witnesses seeking protective orders, intervenors, and amicus curiae. It may also provide a method for submitting reports by individuals who are not parties to the case, such as presentence investigators and social workers.

## (4) TIME AND EFFECT OF ELECTRONIC FILING:

(a) The electronic filing system is an agent of the court for purposes of electronic filing, receipt, notification of filings and retrieval of electronic documents.

(b) When a document is submitted by a user to the electronic filing system, the electronic filing system shall transmit it to the appropriate court where the case is filed. The electronic filing system shall issue a confirmation that submission to the electronic filing system is complete.

(c) Filing of documents with the electronic filing system shall be accepted on a 24 hour basis, from 12:00 a.m. to 11:59 p.m. Mountain Time. Documents electronically submitted and approved by the clerk shall receive the filing date the document was initially submitted if the filing date is a business day for the court. If the filing occurs on a weekend or holiday the next court business day will be the filing date. The electronic filing system shall note the date and time the document is submitted. The calculation of time under other statutes and rules is neither expanded nor contracted by this section.

(d) The clerk of court shall review the document to determine if the document should be accepted for filing. If the clerk accepts the document, the document shall be considered filed with the court on the date the original submission to the electronic filing system was complete, as specified in section (4)(c) above. Upon acceptance, the electronic filing system shall issue a confirmation with the file-stamped date. If the clerk rejects the document, the document shall not become part of the court record and the filer shall receive notification of the rejection.

(e) The electronic filing system shall receive electronic filings 24 hours per day except when undergoing maintenance or repair.

## (5) COMMENCEMENT OF ACTION:

(a) If the clerk of court accepts an initiating document for filing, the clerk of court shall assign a case number and electronically place the clerk's filing stamp and case number on each document. The electronic filing system shall send a notice to the filer that the filing has been accepted and is available through the electronic filing system website.

(b) Initiating documents shall be served by traditional methods unless the responding party has consented to accept electronic notice or service by some other method as allowed by statute or court rule.

**(6) FILING AND SERVICE OF SUBSEQUENT DOCUMENTS:**

**(a) DOCUMENTS THAT MAY BE FILED ELECTRONICALLY:**

1. A court may permit electronic filing of a document in any action or proceeding unless court rules or other legal authority expressly prohibit electronic filing.

2. In a proceeding that by statute, court order or court rule requires the filing of an original document, e.g., a ballot or will that was created in a paper form, an electronic filer may file an electronic copy of a document provided that the original document is then filed with the court within 10 calendar days. The original document shall be maintained in its original format by the clerk of court.

3. The court may permit electronic filing of an application for waiver or partial waiver of court fees and costs in any proceeding in which the court accepts electronic filings.

4. The court may electronically file any notice, order, minute entry, judgment, or other document prepared by the court.

5. Proposed orders may be filed and submitted electronically through the electronic filing system.

6. Effect of document filed electronically:
   (a) A document that the court or a party files electronically under these rules has the same legal effect as a document in paper form.
   (b) The calculation of time under other statutes and rules is neither expanded nor contracted by this section.
   (c) Once accepted by the clerk, electronically filed documents are immediately viewable by all parties on the case. If a user intends to file ex parte matters, consideration should be given to submitting the documents outside the electronic filing system.

7. The electronic filing system shall not be used for the electronic exchange of discovery materials and other communications between the parties that are not intended to be filed with the court.

8. If a document is intended or ordered to be lodged in a case, it shall be traditionally submitted to the clerk of court, since electronic filing is limited to those documents which are officially filed with the case.

**(b) ELECTRONIC NOTICE OF SERVICE:**

1. When a document may be served by mail, express mail, overnight delivery, or fax transmission, electronic notification of service of the document is permitted when authorized by these rules.

2. A party agrees to accept electronic notification of service by:

(a) Serving a notice on all parties that the party accepts electronic service and filing the notice with the court. The notice shall include the electronic service address at which the party agrees to accept service; or

(b) Electronically filing any document with the court using the electronic filing system. The act of electronic filing is evidence that the party agrees to accept notification of service at the electronic service address the party specified when registering as a user of the electronic filing system.

3. A court that permits electronic filing in a case shall maintain and make available electronically to the parties an electronic service list that contains the parties' current electronic service addresses, as provided by the parties that have filed electronically in the case.

4. Parties are responsible for service on all other parties in the case. A party may serve documents electronically by electronic mail, by an agent, or through the electronic filing system.

5. A registered user whose electronic service address changes while the action or proceeding is pending shall update his/her electronic service address in the electronic filing system.

6. An electronic service address is presumed valid for a party if the party files electronic documents with the court from that address and has not filed notice that the address is no longer valid.

7. Electronic service of a document is complete at the time the electronic notification of the filing of the document is sent, together with a hyperlink to the submitted document.

(c) **PROOF OF SERVICE:**

1. The Certificate of electronic service shall state:

(a) The electronic signature of the person making service, including a filed-on-behalf-of statement if the person making the service is filing on behalf of the attorney of record;

(b) The date of service;

(c) The name and address of the person served unless the address is legally protected; and

(d) The manner by which the document was served.

2. Proof of electronic service may be in electronic form and may be filed electronically with the court.

3. The court may electronically serve any notice, order, judgment, or other document issued by the court in the same manner that parties may serve documents by electronic service.


**(7) PAYMENT OF FEES**:

(a) Users shall make payment of filing fees due to the clerk of court through the electronic filing system unless otherwise ordered by the court or other

arrangements are made with the clerk of court. The electronic filing system shall establish one or more methods for electronic payment.

(b) Users may submit a request for waiver of fees, using a form provided by the electronic filing system for that purpose.

## (8) FORMAT AND CONTENT OF DOCUMENTS:

(a) To the extent practicable, the user shall format all electronically filed documents in accordance with statutes and local rules governing formatting of paper documents, including type size, word and page limits.

(b) Users shall provide information required to file the document in the court case management system.

(c) The electronic filing system administrator shall publish a Technical Operations Guide describing the specific technical requirements regarding the format and content of documents filed in the electronic filing system.

## (9) OFFICIAL RECORD:

(a) Electronically filed documents have the same force and effect as documents filed by traditional methods.

(b) For documents that have been electronically filed, the electronic version constitutes the official record. No paper copy of an electronically filed document shall be sent to the court, except as provided in (12) below or unless the court specifically requires a copy through court policy.

(c) The clerk of court may maintain the official court record in electronic format or in a combination of electronic and non-electronic formats. Documents filed by traditional methods in an electronic case file shall be electronically scanned and made part of the official record. The clerk of court may discard the paper copy immediately, unless statutorily required to maintain the paper copy. If a document submitted by traditional methods is not of sufficient quality to be legible when electronically scanned into the electronic document management system, the clerk shall maintain the document in paper format.

(d) Any official court record containing electronically filed documents shall meet the operational standards for electronic records.

(e) The clerk of court shall make the public portions of the electronic record available through the clerk's office.

(f) Certified or conformed copies of an electronic record shall be obtainable from the clerk of court's office by traditional methods.

(g) In an electronic case file, the court may require the submitting party to produce the original paper document if validity of the signature or document is challenged.

(h) Electronic placement of the clerk's filing stamp and case number constitutes the official court record. A conformed copy may be printed from the court case management system by the clerk of court or from the electronic filing system by a user who is authorized to access the case.

**(10) SIGNING PLEADINGS, MOTIONS AND OTHER PAPERS:**

   **(a) SIGNATURES ON ELECTRONIC FILINGS:**

1. A registered user's log-in and password serve as the user's signature on all documents electronically filed with the Court.
2. Except as provided by (10)(b), where a hand signature would otherwise appear, each document filed electronically by a registered user may be signed in the format "/s/ Chris E. Attorney."
3. A registered user shall not knowingly permit or cause the user's password to be used by anyone else. If a registered user has reason to suspect that the security of the user's log-in and password has been compromised, the E-Filing System Administrator must be contacted immediately.
4. Only a judge, registered user, clerk of court, court reporter, or deputy clerk of court may use the "/s/" signature form, and, except as provided by (10)(b)(1)(a) only when signing the document as the filer.

   **(b) JOINTIPLY FILED DOCUMENTS; MULTIPLE SIGNATURES:**

1. Documents requiring signatures of more than one party may be filed in one of the following ways:
   (a) Where all signers are registered users and where all consent to the filing, by using the "/s/" electronic signature as to all parties;
   (b) Where all signers use hand signatures, by scanning the document and filing it electronically without the "/s/" signature by any party;
   (c) By scanning one or more identical documents with hand signatures and attaching each document as an exhibit to a document bearing the registered user's "/s/" electronic signature; or
   (d) By using any other method prescribed by the Court.
2. In no event may one signature page be signed in the "/s/" electronic form by one party and by hand signature by another party.


**(11) CONFIDENTIAL INFORMATION:**

   (a) The confidentiality of an electronic record, or an electronic or paper copy thereof, is the same as for the equivalent paper record. The electronic filing system may permit access to confidential information only to the extent provided by law. No person in possession of a confidential electronic record, or an electronic or paper copy thereof, may release the information to any other person except as provided by law.
   (b) If a document is deemed confidential by statute, local rules or court order, it shall be identified as confidential by the submitting party when it is filed. The electronic filing system may require users to enter certain information, such as social security numbers, in confidential fields. The clerk of court is not required to review documents to determine if confidential information is contained within them.

**(12) ELECTRONICALLY FILING DOCUMENTS IN A CASE ON APPEAL:**

    **(a) IN THE SUPREME COURT, INCLUDING EXTRAORDINARY WRITS, SUPERVISORY CONTROL AND ORIGINAL PROCEEDINGS:**

1. The clerk of the originating court may electronically file the originating court record or provide a hyperlink to the court record with a certification that the electronic court record is accurate and complete.

2. Court reporters may electronically file transcripts.

3. When filing Motions, Petitions for Original Proceedings, and Petitions for Extraordinary Writs, electronically file the original only. The Clerk of the Supreme Court may direct a party to submit additional paper copies of the motion, petition, response, or any appendices or exhibits, when paper copies would aid the Court's review of the matter.

4. When filing briefs, electronically file the original. For the electronically filed brief, the color requirements for the cover under Rule 11(6)(a), M. R. App. P., shall not apply. Once the electronically filed brief is checked for deficiencies and approved, the clerk will notify the e-filer to submit seven paper copies of the electronically filed brief. The seven paper copies of the Appellant's Opening brief must comply with Rule 12(1)(i), M. R. App. P., including copies of the orders and judgments from which the appeal is taken. Upon notification, paper copies must be submitted within seven days or within such specific time as directed by the Court. For the paper copies, the color requirements for the cover under Rule 11(6)(a), M. R. App. P., shall apply.

5. When filing an Appendix, electronically file the original. The Appendix shall include a table of contents and a separate title page for each document, labeled "Appendix A" or "Appendix 1" and so forth. The Court encourages the electronic bookmarking of each document to its corresponding reference in the table of contents to make the appendix readily searchable. Other than those documents required to be filed under Rule 12(1)(i), M. R. App. P., paper copies of appendix documents need not be filed.

**(b)** IN A DISTRICT COURT:

1. Except for electronic recordings, the record on appeal may be filed electronically and may be filed by providing a hyperlink to the court record with a certification that the electronic court record is accurate and complete. If no written transcript exists for the court's proceedings that have been recorded electronically, the electronic recording shall be filed by traditional methods. Any bonds, undertakings on appeal and statutory filing fees to be transferred shall be done by traditional methods.
2. After the case is transferred all further filings shall be filed into the record on appeal in the District Court and may be electronically filed unless otherwise directed by local rule.

## (13) ELECTRONIC FILING SYSTEM TECHNICAL FAILURES:

(a) A user whose filing is made untimely as a result of a technical failure may seek appropriate relief from the court as follows:
1. If the failure was caused by the court's electronic filing system, the court shall grant appropriate relief upon satisfactory proof of the cause.
2. If the failure was not caused by the court's electronic filing system, the court may grant appropriate relief upon satisfactory proof of the cause. Parties are responsible for timely filing of electronic documents to the same extent as with the filing of paper documents, with the same consequences for missed deadlines. The calculation of time under other statutes and rules is neither expanded nor contracted by this section.
(b) This subsection shall be liberally applied to avoid prejudice to any person using the electronic filing system in good faith.